## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| EMPLOYERS PREFERRED ) <br> INSURANCE COMPANY, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> C&K HOTEL GROUP, LLC and ) <br> CORINE WATTS, ) <br>  ) <br> Defendants. ) | Case No.   15-cv-1500 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant C & K Hotel Group, LLC's Motion[1] To Dismiss Plaintiff's Amended Complaint (Doc. 9) and Defendant Corine Watts's Motion To Dismiss For Lack Of Subject Matter Jurisdiction Of Defendant (Doc. 13). Plaintiff has responded to the motions. For the reasons stated below the Motions are DENIED.

**FACTUAL BACKGROUND**[2]

Plaintiff, Employers Preferred Insurance Company ("EPIC"), is an insurance company that extended an insurance policy to Defendant C & K Hotel Group, LLC ("CK"). That policy was cancelled due to CK's failure to pay the premiums due. Defendant Watts was/is an employee of CK who was injured on the job after the policy was cancelled. She filed a workers' compensation claim against CK that does

---

[1] Defendants state the motion is brought pursuant to Rule 12(b)(6) but because the motion contends the court lacks diversity jurisdiction over this matter, the motion is actually authorized by Rule 12(b)(1).

[2] These facts come from the Amended Complaint (Doc. 4).

not specify an amount sought but does state she sustained orthopedic and neurological injuries. Apparently, the policy that was cancelled would have provided that EPIC pay CK for Watt's worker's compensation claim. EPIC maintains that Watts alleges she suffered a severe injury to her back that resulted in lumbar disc herniation with radiculopathy, and will need back surgery as a result of the injury. EPIC estimates that the amount of recovery she is seeking in the worker's compensation claim, including medical expenses, lost wages and compensation for pain and suffering, exceeds the sum of $75,000. Defendants claim that since there has not been a final determination of damages in the underlying worker's compensation claim, there can be no definite statement of the jurisdictional amount necessary to confirm diversity jurisdiction under 28 U.S.C. § 1332. Watts claims the identities of the members of CK have not been specified in the Amended Complaint.

## DISCUSSION

Federal district courts are courts of limited jurisdiction, empowered by federal statutes to hear only those matters they are specifically permitted to hear. *Giancana v. Johnson*, 335 F.2d 366, 367 (7th Cir. 1964). One such statute, 28 U.S.C. § 1332, confers jurisdiction upon district courts to hear civil actions involving controversies exceeding the sum or value of $75,000 between citizens of different States. Another statute, 28 U.S.C. § 2201, empowers federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Seventh Circuit has unambiguously held that "[i]f a suit is filed initially in federal court, a plaintiff's good-faith estimate of the stakes controls unless it is legally impossible for a court

2

to award what the plaintiff demands." *McCormick v. Indep. Life & Annuity Co.*, 794 F.3d 817, 818 (7th Cir. 2015) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

In *Meridian Security Insurance Company v. Sadowski*, 441 F.3d 536 (2006), a case where an insurer sought a declaratory judgment on its obligation to defend and indemnify a policyholder who was being sued in Illinois state court, the Seventh Circuit vacated a district court's opinion that the district court lacked diversity jurisdiction over an action because the underlying amount in question had not yet been determined. *Id.* at 537-38. The *Meridian* court also cited *St. Paul Mercury* and held that the straightforward way in which the assertion of the jurisdictional requirement is treated is for the proponent of federal jurisdiction to simply offer a good faith estimate of the value of the claim and for it to appear to a legal certainty from the face of the complaint that the claim is really for a less than the jurisdictional amount in order for the action to be dismissed. *Id.* at 541.

Neither CK nor Watts argue it is legally impossible for Watts to recover a sum greater than $75,000 from CK. Instead, they argue the sum has not yet been confirmed. This Court has confirmed that in Illinois, worker's compensation claims can involve hundreds of thousands of dollars. *See* Illinois Workers' Compensation Commission Table of Benefits *available at* http://www.iwcc.il.gov/benefits.htm (last visited February 22, 2016). Thus, EPIC has a good faith basis to estimate Watt's claim against CK to be greater than $75,000. Regardless, since CK has not even argued, let alone established, that it is <u>legally impossible</u> for Watts to recover more than $75,000 on her claim, the indefinite amount of Watt's claim is not a proper

basis for the motion to be granted. Nor need the Court stay decision of these motions until such a time as Ms. Watts's financial outlays are finalized, as EPIC suggests.

Watts asserts another ground for dismissal. She points out that EPIC failed to identify each and every member of CK in the Amended Complaint. Watts is hinting that there may be non-diverse members of CK that destroy diversity jurisdiction. EPIC competently alleged in its Amended Complaint that "All members of C&K Hotel Group, LLC are citizens of the State of Illinois." (Doc. 4 at ¶ 2). Watts contends that such an allegation is insufficient. She cites *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693-94 (7th Cir. 2003) for the proposition that the members of the limited liability corporation must be specifically identified along with their domicile which establishes their citizenship. This Court does not find *Belleville* applicable here.

In *Belleville*, as in many other cases dealing with this issue, the parties misunderstood how citizenship of a limited liability company ("LLC") is determined. There, it was alleged in the complaint that a defendant LLC was formed in Delaware and had its principal place of business in Illinois. *Id.* at 692. There were no allegations concerning the citizenship of the defendant LLC's members. *Id.* Thus, the implication was that diversity jurisdiction was proper because the LLC was a citizen of Illinois. Obviously the determination of diversity jurisdiction in regard to an LLC depends on the citizenships of its members not where the LLC was formed nor where it maintains a principal place of business. *Id.* citing *Carden v. Arkoma Associates,* 494 U.S. 185, (1990). That defect was readily apparent on the face of the

*Belleville* complaint and the court went on to scrutinize the specific identities and citizenships of each and every member of the LLC and to conclude that diversity jurisdiction was lacking. Of course the *Bellville* court was a panel of the Seventh Circuit and that court has a specific local rule that requires an unincorporated association, a term that encompasses an LLC, to provide an affirmative statement identifying the citizenship of all its members. 7th Cir. R .28. There is no comparable rule for either this Court in particular or for district courts in general.

More importantly, there is no misunderstanding here readily apparent from the face of the Amended Complaint. EPIC has affirmatively stated that each member of CK is a citizen of Illinois. CK, the party in the best position to know the citizenships of its own members, does not even object to jurisdiction on this ground. Thus Watts is making a facial attack on the Amended Complaint without asserting any factual basis for her innuendo that members of CK may not be citizens of Illinois. This is not proper. If Watts had actual reason to question the accuracy or veracity of EPIC's allegation that all members of CK are Illinois citizens then the Court would have reason to put the onus on EPIC to prove its allegation, but this is not the case. Moreover, neither CK nor Watts contends that at least one of CK's members is a citizen of Nevada or Florida, a fact necessary for this Court to find there is a lack of diversity jurisdiction in this matter since EPIC is incorporated in Florida and maintains its principal place of business in Nevada.

Based on the speculative nature of Watts's objection, this Court finds that EPIC's allegations, contained in a pleading submitted to this Court in accordance with the standards set out in Federal Rule of Civil Procedure 11(b), are sufficient to

survive at this stage of the action and satisfy this Court that jurisdiction over the matter is proper. *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010) (diversity jurisdiction deemed proper at that point in the litigation where the defendants, who the court deemed to be in the best position to furnish evidence of their citizenship, had declined to challenge the factual basis of the plaintiff's jurisdictional allegations); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106-11 (3d Cir. 2015) (a plaintiff's good faith allegations of the requisite jurisdictional basis regarding an LLC is sufficient to survive a facial attack); *Carolina Casualty Insurance Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014) (holding similarly).

## CONCLUSION

For the reasons stated above Defendant C & K Hotel Group, LLC's Motion To Dismiss Plaintiff's Amended Complaint (Doc. 9) and Defendant Corine Watts's Motion To Dismiss For Lack Of Subject Matter Jurisdiction Of Defendant (Doc. 13) are DENIED. The Court notes that the docket reveals Defendants have failed to answer the Amended Complaint. The Court hereby orders the Defendants to answer the Complaint within fourteen (14) days of the entry of this Order and Opinion.

Entered this <u>25th</u> day of February, 2016.

               s/ Joe B. McDade
               JOE BILLY McDADE
             United States Senior District Judge